IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | |
| | : | |
| | : | CIVIL ACTION NO. 2:07-cv- 4091 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

### DEFENDANT'S REPLY BRIEF

**I. INTRODUCTION**

Defendant, KidsPeace, files this Reply Brief to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. Defendant relies on its opening brief except as supplemented below.

**II. ARGUMENT**

**A.   Plaintiff's failure to address bases for dismissal.**

In her Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Plaintiff completely fails to address the following arguments that warrant dismissal of her causes of action:

1. Discovery has produced no facts that would justify the application of equitable tolling to her ADA claim;

2. Discovery has produced no facts to contradict the fact that Plaintiff's purported disability was of a short-term, temporary nature from which she was cured;

3. Plaintiff cites no legal authority contrary to Defendant's argument that the inability to work certain hours does not constitute a disability within the meaning of the ADA;

4. Discovery has failed to produce any evidence that Plaintiff's purported disabilities substantially limited any major life activities;

5. Plaintiff testified at her deposition that she never told anyone at KidsPeace that she was suffering from depression and/or anxiety;

6. Defendant could not have "perceived Plaintiff as disabled" because she was offered other full-time work on at least two (2) occasions;

7. Discovery has failed to produce any evidence that the age-comparator with whom Plaintiff seeks to compare herself was similarly situated to the Plaintiff;

8. Plaintiff has failed to cite to any evidence of record that even remotely suggests that Defendant's need for Plaintiff to work some second shifts to supervise new employees was a pretext for unlawful disability or age discrimination;

9. By accepting retirement and not making any effort to find other employment since her retirement, Plaintiff has failed to mitigate her damages;

10. Discovery has produced no evidence sufficient to show that any representatives of KidsPeace were aware that Plaintiff was selectively recording her overtime.

Pursuant to Federal Rule of Civil Procedure 56(e), when the non-moving party fails to respond to a motion for summary judgment, the court may grant the moving party's motion if appropriate. Fed. R. Civ. P. 56(e). The Court of Appeals for the Third Circuit has held that a court may "appropriately" grant an unopposed motion for summary judgment as follows:

> Where the moving party has the burden of proof on the relevant issues, . . . the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law. Where (as in this case) the moving party does not have the burden of proof on relevant issues, . . . the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law."

Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). By failing to respond, however, "the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." Byrd v. Essex Silverline Corp., et al., No. 04-4827, 2008 WL 81887 at *1

(E.D.Pa. January 8, 2008); Reynolds v. Rick's Mushroom Serv., 246 F. Supp. 2d 449, 452 (E.D.Pa. 2003).

In this case, the fact that Plaintiff failed to address issues 1 through 6, and 8 above, and has waived her right to controvert the facts alleged in Defendant's Motion for Summary Judgment relevant to these arguments, warrant the dismissal of her ADA claim. Similarly, Plaintiff's failure to address issues 7 and 8, above, warrant the dismissal of her ADEA claim. If either of these claims survives, Plaintiff's failure to address issue 9 should preclude her recovery of front pay and back pay damages. Lastly, Plaintiff's failure to address issue 10 warrants the dismissal of her FLSA cause of action.

### B. Plaintiff has repeatedly misrepresented the record.

In addition to revealing the subjective nature of Plaintiff's testimony, close scrutiny of the record also reveals that Plaintiff has taken numerous liberties with the facts of this case. Among the more egregious misrepresentations are the following:

### Misrepresentation

*Ms. Pomponio told her in several emails that she should not be putting down hours for supervisory and administrative work.* See Plaintiff's Memorandum of Law (hereinafter "Memo") at p. 4.

### Record

When questioned at her deposition regarding this allegation, Plaintiff admitted that the emails actually had to do with whether or not she would be eligible for overtime for a course that she was supposed to take. See Exhibit "E" at p. 229.

**Misrepresentation**

*In its Memorandum of Law in Support of its Motion for Summary Judgment, Defendant argues that it had no knowledge whatsoever of the nature of Plaintiff's illness. This is an odd position to take, because by its own admission, Defendant approved the Plaintiff for a full twelve weeks of FMLA leave. See Memo at p. 9.*

**Record**

This statement is a complete fabrication. Nowhere in the record does KidsPeace ever argue that it had no knowledge whatsoever of the nature of Plaintiff's illness. The record reflects that Plaintiff admitted that she did not ever tell any representative of KidsPeace that she was suffering from anxiety or depression. Exhibit "E" at p. 130. Consistent with Plaintiff's above admission, the record also reflects that in its Motion for Summary Judgment, Defendant stated only that both Mr. Snyder and Ms. Pomponio had no knowledge of the nature of Plaintiff's purported disability. The record also reflects that on her request for FMLA, Plaintiff failed to state the nature of the purported serious health condition that necessitated her leave and that Plaintiff restricted KidsPeace's ability to obtain information from her doctor. See Exhibits "Y" and "G". Contrary to Plaintiff's above misrepresentation, Defendant also clearly stated in its brief that it did receive notice of the nature of Plaintiff's purported disability on December 28, 2006, over two (2) months after she walked out of KidsPeace, when she stated on an application for short-term disability benefits that job-related stress was causing a myriad of health problems. See Defendant's Memorandum at III, Section H.

**Misrepresentation**

*Despite all of this time off, the Defendant contends that it did not even know that the Plaintiff was ill. See Memo at p. 9.*

**Record**

Again, this alleged "contention" by KidsPeace appears nowhere in the record. As stated above, Plaintiff admitted that she never told her supervisors of the nature of her disability and specifically restricted Ms. Pomponio from receiving any of her personal medical information. See Exhibit "E" at p. 184.

**Misrepresentation**

*Furthermore, Degroot suffers from a form of mental illness, i.e. depression, anxiety disorder. See Memo at p. 12.*

**Record**

This should read "suffered". As stated more fully in Defendant's opening Memorandum of Law, Plaintiff testified under oath at her unemployment compensation hearing that she was cured by April 2007, admitted to the EEOC (subject to penalty of perjury) that her purported disability was "temporary" and she was cleared to return to work by her physician without restrictions on April 25, 2007, one (1) day before she returned to KidsPeace and decided to retire. Also, the notes from Plaintiff's physicians indicate she had not treated for anxiety or depression since she was cleared to return to work in April 2007. See Exhibit "PP".

**Misrepresentation**

*Interestingly, absent from Defendant's brief is any mention of how it engaged in the interactive process with DeGroot. See Memo at p. 13. It is inexplicable that Defendant made no effort to apply any possible accommodation in order to avoid terminating DeGroot. Id. at p. 15*

**Record**

Because Plaintiff admitted that she never told any representatives of KidsPeace that she was suffering form anxiety or depression, KidsPeace was not required to engage in the interactive process. Furthermore, Defendant clearly stated in is Motion for Summary Judgment that, although not required by the ADA to do so, Plaintiff was offered an alternative position at KidsPeace in October 2006 that did not require her to work evening hours in accordance with her purported "restrictions".

**Misrepresentation**

*And, despite the fact that the Plaintiff's job description never really required her to work on a 24/7 basis, the Defendant somehow cooked up a requirement that the Plaintiff essentially work on a 24/7 basis.*

**Record**

Plaintiff's job description clearly states that one of her responsibilities is to provide supervision for all 24/7 staff. See Exhibit "F". In fact, Plaintiff told the EEOC that she wrote this job description. See Exhibit "E" at p. 77. The record contains no evidence that Plaintiff was required to "essentially work on a 24/7 basis." Indeed, Plaintiff admitted that Ms. Pomponio told her that she could design her own schedule so long as Plaintiff could work some second shifts to supervise the new hires. Id. at pp. 118-119. Additionally, Defendant produced evidence that the person who eventually replaced Plaintiff as Supervisor of Hospital Admissions does work second shifts. See Exhibit "TT".

**Misrepresentation**

*The Defendant inexplicably argues in it [sic] Memorandum that the Plaintiff has refused to supply documentation in support of her FMLA claim.*

**Record**

There is no claimed violation of the FMLA in this case. To the extent Plaintiff meant to state "FLSA", nowhere in its Memorandum did KidsPeace argue that Plaintiff failed to provide "documentation" regarding her FLSA claim. KidsPeace did, however, state that Plaintiff failed to provide any computation of damages. See Memorandum at VI section G. Indeed, when asked at her deposition how much she thought she was owed in unpaid overtime, Plaintiff stated that she "had no idea." See Exhibit "E" at p. 217.

    **C.**    **Deficiencies in Plaintiff's arguments.**

    **1.**    **Plaintiff failed to produce evidence that anyone at KidsPeace regarded her as disabled.[1]**

In her attempt to establish that Defendant perceived her as disabled, Plaintiff essentially argues that she has made this required showing simply because of the fact that she was out on leave for a substantial period of time. This argument has been specifically and repeatedly rejected by the courts of the Third Circuit.

"[T]he mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that the perception caused an adverse employment action." Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996)(holding plaintiff with visible and apparent limp had not presented evidence sufficient to survive summary judgment that he was disabled under "regarded as" prong). Rather, the plaintiff must establish that the employer regarded the employee "to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled. Neishel v.

---

[1] In her brief, while Plaintiff states that she was suffering from conditions that may constitute impairments under the ADA, she has apparently abandoned her claim based upon any actual disability and is now proceeding under only a "regarded as" theory.

Citadel Broadcasting Corp., No. 3:05-CV-2461, 2008 WL 510137 at * 5 (M.D.Pa. February 22, 2008), quoting, Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002). In Rinehimer, the court upheld summary judgment in favor of an employer on an ADA claim in which the plaintiff failed to show that the employer "believed he could not perform a wide array of jobs." Id. at 382. "In fact, the record shows that Cemcolift had Rinehimer perform various jobs after he returned from his absence due to pneumonia." Id. The court continued, "[t]he awareness that an employee is sick combined with some changes in his work assignments is not enough to satisfy the 'regarded as' prong of the ADA." Id.

In this case, the fact that Plaintiff was on an extended leave is insufficient to establish that KidsPeace regarded her as disabled. That KidsPeace offered Plaintiff alternative, full-time employment in October 2006 and April 2007, also shows that KidsPeace did not believe that Plaintiff could not perform a wide array of jobs. Additionally, Plaintiff fails to address in any way the fact that when she was cleared by her physician to return to work in April 2007, she was clear to return to work without restrictions. Therefore, even if this Honorable Court applies equitable tolling to Plaintiff's ADA claim and also finds that a 'regarded as" claim was within the scope of her charge of discrimination, Plaintiff's ADA action should be dismissed because she has failed to produce any evidence that KidsPeace regarded her as disabled.

### 2. Plaintiff cannot show pretext under the ADEA[2].

The only evidence that Plaintiff relies upon in her attempt to show pretext in this case is the fact that she had received relatively good performance reviews prior to her unwillingness or inability to work second shift in the fall of 2006. The courts of the Third

---

2 As stated in Defendant's opening memorandum, Plaintiff cannot make a prima facie case under the ADEA because the person with whom she seeks to compare herself, Colleen Rieger, is not similarly situated because, unlike the

Circuit have specifically and repeatedly held that such evidence is insufficient to show pretext in employment discrimination cases.

In <u>Kautz v. Met-Pro Corp.</u>, 412 F.3d 463, 467 (3d Cir.2005), the Court of Appeals affirmed summary judgment for an employer even though the plaintiff had pointed to a record of positive performance reviews during his employment to show pretext. According to the court, "[t]he attempt to use past positive performance reviews to show that more recent criticism was pretextual fails as a matter of law." <u>Id.</u> at 474 (citing <u>Ezold v. Wolf, Block, Schorr, Solis-Cohen</u>, 983 F.2d 509, 528 (3d Cir.1992) ("Pretext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations.")). <u>See</u> <u>also</u> Billet v. CIGNA Corp., 940 F.2d 812, 826 (3d Cir.1991)("good evaluations alone cannot establish that later unsatisfactory evaluations are pretextual").

In this case, Plaintiff is attempting to use her positive past reviews to discount her more recent resistance to the reorganization of the Hospital Admissions department. This fails to establish pretext as a matter of law, and Plaintiff's claim under the ADEA should be dismissed.

---

Plaintiff, Ms. Rieger agreed to work second shift.

## III. **CONCLUSION**

WHEREFORE, Defendant, KidsPeace, respectfully requests that this Honorable Court GRANT its Motion for Summary Judgment and dismiss all of Plaintiff's claims with prejudice.

        Respectfully submitted,

        FLAMM, BOROFF & BACINE, P.C.


        By:_SMH82084_____
            Sean M. Hart, Esquire
            I.D. No. 82084
            Westfield Corporate Center
            Suite 310
            4905 Tilghman Street
            Allentown, PA 18104
            (610) 821-7000

        Attorneys for Defendant,
        KidsPeace

Date: April 4, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | |
| | : | |
| | : | CIVIL ACTION NO. 2:07-cv- 4091 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Sean M. Hart, Esquire, attorney for Defendant, KidsPeace, certify that on this 4th day of April, 2008, service of a true and complete copy of the above and foregoing Defendant's Reply Brief was made upon each party or attorney of record herein via first class mail properly addressed as follows and via ECF for viewing and/or downloading:

> Donald P. Russo, Esquire
> 117 East Broad Street
> P.O. Box 1890
> Bethlehem, PA 18016-1890

> FLAMM, BOROFF & BACINE, P.C.

> By:__SMH82084_____
> Sean M. Hart