IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | CIVIL ACTION NO. 2:07-cv-4091 |
| Plaintiff | : | |
| v. | : | |
| KIDSPEACE, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## ORDER

**AND NOW,** on this ____, day of _____, 2008, upon consideration of the *Motion In Limine* of Defendant KidsPeace, and Plaintiff's response thereto, if any,

IT IS HEREBY ORDERED that Defendant's Motion is Granted. Plaintiff is precluded from seeking the following damages at trial: (1) back pay and front pay damages under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"); (2) compensatory and punitive damages under the ADEA; and 3) liquidated damages under the ADEA.

BY THE COURT:

_____
J.

271066 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | CIVIL ACTION NO. 2:07-cv-4091 |
| **Plaintiff** | : | |
| v. | : | |
| KIDSPEACE, | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE DAMAGES

Defendant, KidsPeace, by and through its counsel, Flamm, Boroff and Bacine, P.C., hereby moves this Honorable Court for an Order precluding the Plaintiff from seeking the following damages: (1) back pay and front pay damages under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"); (2) compensatory and punitive damages under the ADEA; and (3) liquidated damages under the ADEA. Plaintiff's claims for such damages must be stricken under the applicable statutes and case law. KidsPeace relies on its accompanying Memorandum of Law in further support.

**FLAMM, BOROFF & BACINE, PC**
Westfield Corporate Center, Suite 310
4905 West Tilghman Street
Allentown, PA 18104
(610) 336-6800

BY: _____
Sean M. Hart
Attorneys for Defendant,
KidsPeace

271066 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DEGROOT, | : CIVIL ACTION NO. 2:07-cv- 4091 |
| Plaintiff | : |
| v. | : |
| KIDSPEACE, | : |
| Defendant | : JURY TRIAL DEMANDED |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE DAMAGES

Defendant, KidsPeace, submits this Memorandum of Law in support of its in limine Motion seeking to preclude plaintiff from seeking the following damages *at trial*: (1) back pay and front pay under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"); (2) compensatory and punitive damages under the ADEA; and (3) liquidated damages under the ADEA.

I.  **LEGAL ARGUMENT.**

   A.  **Plaintiff should be precluded from seeking damages for back pay and front pay under the ADA and the ADEA.[1]**

In her Second Amended Complaint, Plaintiff sets forth claims for damages, including back pay and front pay, under the ADA and ADEA. However, it is well-settled that an unemployed or underemployed plaintiff in ADA and ADEA cases is subject to the statutory duty to minimize damages. EEOC v. Waffle House, Inc., 534 U.S. 279 (2002)(ADA); Sarko v. Penn-Del Directory Co., 968 F. Supp. 1026, 1036 (E.D.Pa. 1997)(ADEA). This duty, rooted in an ancient

---

[1] Plaintiff has also made a claim for front pay damages under the FLSA. Plaintiff should be precluded from seeking these damages for the same reasons she should be precluded from seeking front pay under the ADA and ADEA.

271066 v1

principle of law, requires the claimant to use reasonable diligence in finding other suitable employment. Although the unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position, he forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied. Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982)(footnotes and internal citations omitted). While it is the duty of a discrimination claimant to mitigate her losses, it is the employer who has the burden of proving a failure to mitigate. See Robinson v. Southeastern Pa. Transp. Auth., Red Arrow Div., 982 F.2d 892, 897 (3d Cir.1993); Goss v. Exxon Office Systems Co., 747 F.2d 885, 889 (3d Cir.1984). To prove a failure to mitigate, an employer must prove either that other substantially equivalent positions were available to plaintiff and she failed to use reasonable diligence in attempting to secure those positions or, alternatively, that the plaintiff withdrew entirely from the employment market. Tubari, Ltd., Inc. v. NLRB, 959 F.2d 451, 454 (3d Cir.1992). When an employer successfully proves a failure to mitigate, any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate and any front-pay award will be foreclosed. Ford Motor Co., 458 U.S. at 233-34, 102 S.Ct. 3057.

In this case, with regard to back pay, Plaintiff testified that she had been paid her salary via her use of accumulated sick leave through December 2006, and thereafter was paid short term disability benefits that were provided by KidsPeace until the time of her retirement in April 2007. Id. at p. 191. As Plaintiff

271066 v1

suffered no loss of back pay between October 27, 2006 and her retirement in April 2007, Plaintiff should be precluded from seeking back pay under the ADA and ADEA.

With regard to front pay, Plaintiff has admitted that she was offered alternative employment on both October 27, 2006 and April 25, 2007. Plaintiff also admitted that she turned down both jobs. While Plaintiff testified that she was told that both jobs would entail a greatly reduced salary, Plaintiff admitted that she never inquired and was never told what her salary would be in those other positions. Exhibit "E" at pp. 164, 308. It is also uncontested that Plaintiff retired from KidsPeace on April 26, 2007. Exhibits "LL" and "MM". Plaintiff further admitted that since she left KidsPeace on October 27, 2006, she has made no efforts to find other work. Exhibit "E" at pp. 34-35.

Clearly, by refusing alternative employment at KidsPeace, by accepting retirement from KidsPeace and by making no efforts to find work since October 2006, there can be no dispute that Plaintiff has withdrawn from the employment market. Therefore, Plaintiff's claims for front pay damages under the ADA and ADEA should be dismissed.

### B. Plaintiff should be precluded from seeking compensatory damages and punitive damages under the ADEA.

In Count I of her Second Amended Complaint, Plaintiff requests that this Honorable Court "[E]nter judgment in favor of the Plaintiff in an amount of damages including liquidated damages determined to have been sustained by her" and "[I]ssue such other and further relief as may be necessary and appropriate in order to address the deprivation of rights and privileges sustained

by the Plaintiff". To the extent that these broad payers for relief can be read to include claims for compensatory and punitive damages, this Honorable Court should preclude Plaintiff from pursuing such relief.

### 1. Compensatory damages.

Third Circuit law is well settled that general compensatory damages, such as for pain and suffering, are not recoverable in ADEA actions. Rogers v. Exxon Research and Engineering Co., 550 F.2d 843 (3d Cir. 1977)(relying on legislative history tying recovery under the ADEA to that provided by the Fair Labor Standards Act and not Title VII in holding that damages for pain and suffering or emotional distress cannot be properly awarded in ADEA cases); Beverly v. Desmond Hotel & Conf. Ctr., 2004 U.S. Dist. LEXIS 2640 (E.D.Pa. 2004), citing Commissioner of Internal Revenue v. Schleier, 515 U.S. 323, 325 (1995) (the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or for emotional distress). See also, Watkins v. Rite Aid Corp., 2006 U.S. Dist. LEXIS 50784 (MDPA 2006) (holding that ADEA compensatory damages for emotional distress and out of pocket expenses for post-termination job searches are not recoverable in the Third Circuit and elsewhere); Wehr v. The Burroughs Corp., 619 F.2d 276, 284 (3d Cir. 1980); Sharp v. Today's Man, Inc., 1985 U.S. Dist. LEXIS 12356 at *2-3 (E.D.Pa 1985)(ADEA Plaintiffs not entitled to recover expenses in seeking other employment). Accordingly, Plaintiff's claims for compensatory damages, including pain and suffering, emotional distress and out of pocket expenses are not permissible under the ADEA and must be precluded.

271066 v1

## 2. Punitive Damages

Punitive damages are not available under the ADEA, as the ADEA provides for liquidated damages intended to be punitive in nature. Tumollo v. Triangle Pac. Corp., 46 F. Supp. 2d 410, 415 (EDPA 1999)(as a matter of law, Plaintiff is not entitled to recover punitive damages, as distinct from liquidated damages, under the ADEA). Thus, to the extent that Plaintiff's broad prayer of relief can be read to include a claim for punitive damages, Plaintiff should be precluded from seeking punitive damages under the ADEA.

### C. Plaintiff should be precluded from seeking liquidated damages under the ADEA.

In her Second Amended Complaint, Plaintiff sets forth a claim for liquidated damages under the ADEA. Plaintiff's claim for liquidated damages must be precluded as Plaintiff has not and can not produce any evidence that KidsPeace willfully violated the ADEA in any manner regarding Plaintiff's employment.

As to liquidated damages, the ADEA incorporates the enforcement powers, remedies and procedures of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 211(b), 216 (except for subsection (a)), and 217. 29 U.S.C. §§ 626(b). Potence v. Hazelton Area School District, 357 F.3d 366, 372 (3d Cir. 2004). The enforcement provision of the FLSA expressly provides for imposition of liquidated damages only "in cases of willful violation of this chapter." 29 U.S.C. §§ 626(b). Id. Thus, if a jury finds that an employer willfully violated the ADEA, the Plaintiff is entitled to liquidated damages equal to an amount of back

271066 v1

pay awarded. Id. Both the Supreme Court and the Third Circuit have held that the liquidated damages of the ADEA was intended to be punitive in nature. Id.

Here, Plaintiff will not be able to set forth any evidence whatsoever which would indicate that the Defendant willfully violated the ADEA in any manner with respect to Plaintiff's employment. The standard for willfulness looks to whether the employer "knew or showed reckless disregard for" whether its conduct discriminated against protected employees. Kelly v. Matlack, Inc., 903 F.2d 978, 982 (3d Cir. 1990). In Kelly, the Third Circuit utilized the following circumstances as examples of willfulness on part of the employer; (1) where evidence exists that shows the employer had previously violated the ADEA; (2) where the termination of the employee came at a time when it would deprive him or her of a pension; or (3) when the circumstances of the violation itself were egregious, as in the systematic purging of older people from the employee staff. Id. at 982, n.2 citing Dreyer v. Arco Chemical Co., 801 F.2d 651(3d Cir. 1986), cert. denied, 480 U.S. 906 (1987).

Here, there is no evidence that KidsPeace intended to violate the ADEA, knew it was doing so, or recklessly disregarded its obligation under the discrimination laws. Plaintiff refused to perform a function of her job specifically enumerated on her job description and subsequently was granted FLMA leave and then personal leave during which time she received short term disability benefits. Plaintiff was subsequently replaced by Colleen Rieger, a younger worker who agreed to work the second shift hours that Plaintiff refused to do. It is clear that age played no part in the decision on who replaced the Plaintiff. See

271066 v1

Kelly, 903 F.2d at 984 (no finding of willfulness on behalf of employer where Plaintiff's job was eliminated and her duties given to that of a younger employee but one with equivalent seniority and with more experience.) As Plaintiff has not and can not adduce any evidence that would meet the standard for liquidated damages under the ADEA, Plaintiff should be precluded from seeking such damages.

Based upon the foregoing, Plaintiff should be precluded from seeking the following damages: (1) back pay and front pay damages under the Americans with Disabilities Act ("ADA") and the Age Discrimination and Employment Act ("ADEA"); (2) compensatory and punitive damages under the ADEA; and (3) liquidated damages under the ADEA.

Respectfully Submitted,

By: _____
Sean M. Hart
I.D. No. 82084
Westfield Corporate Center
Suite 310
4905 Tilghman Street
Allentown, PA 18104
(610) 821-7000

Attorneys for Defendant,
KidsPeace

Date: April 4, 2008

271066 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | |
| | : | |
| | : | CIVIL ACTION NO. 2:07-cv- 4091 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Sean M. Hart, Esquire, attorney for Defendant, KidsPeace, certify that on this 14th day of April, 2008, service of a true and complete copy of the above and foregoing Defendant's Motion in Limine to Preclude Damages and Memorandum of Law in Support of same was made upon each party or attorney of record herein via electronic filing (and is available for viewing and downloading from the ECF system) and U.S. first class mail upon the individual set forth below:

>Donald P. Russo, Esquire
>117 East Broad Street
>P.O. Box 1890
>Bethlehem, PA 18016-1890

>FLAMM, BOROFF & BACINE, P.C.
>
>By: _____
>    Sean M. Hart

271066 v1