IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | CIVIL ACTION NO. 2:07-cv-4091 |
| Plaintiff | : | |
| v. | : | |
| KIDSPEACE, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## ORDER

**AND NOW,** on this _____, day of _____, 2008, upon consideration of the *Motion In Limine* of Defendant KidsPeace, and Plaintiff's response thereto, if any,

IT IS HEREBY ORDERED that Defendant's Motion is Granted. The Court finds that by voluntarily disclosing communications with her attorney to the CEO of KidsPeace, Plaintiff has waived her attorney client privilege with respect to all claims in this litigation. It is further ordered that Defendant shall be permitted to question Plaintiff regarding her communications with her attorney, Donald P. Russo, Esquire, and Attorney Russo may be called as a witness during the trial of this matter and questioned on his communications with Plaintiff.

**BY THE COURT:**

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | CIVIL ACTION NO. 2:07-cv-4091 |
| Plaintiff | : | |
| v. | : | |
| KIDSPEACE, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION IN LIMINE REGARDING PLAINTIFF'S WAIVER OF HER ATTORNY/CLIENT PRIVILEGE

Defendant, KidsPeace, by and through its counsel, Flamm, Boroff and Bacine, P.C., hereby moves this Honorable Court for an Order ruling that Plaintiff has waived her attorney/client privilege as to all claims in this matter and that her attorney, Donald P. Russo, Esquire, may be called as a witness during the trial of this matter and questioned regarding his communications with Plaintiff. KidsPeace relies on its accompanying Memorandum of Law in further support.

FLAMM, BOROFF & BACINE, PC
Westfield Corporate Center, Suite 310
4905 West Tilghman Street
Allentown, PA 18104
(610) 336-6800

BY: _____
Sean M. Hart
Attorneys for Defendant,
KidsPeace

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | CIVIL ACTION NO. 2:07-cv- 4091 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE REGARDING PLAINTIFF'S WAIVER OF HER
ATTORNEY/CLIENT PRIVILEGE**

Defendant KidsPeace submits this Memorandum of Law in support of its in limine Motion seeking a ruling from this Honorable Court that Plaintiff has waived her attorney/client privilege in this matter and that Plaintiff's Counsel, Donald P. Russo, Esquire may be called to testify as a witness in this case.[1]

I. **FACTS.**

On or about April 25, 2007, the day before she decided to retire from KidsPeace, Plaintiff sent an email to her attorney, Donald P. Russo, Esquire, regarding her anticipated return to work at KidsPeace on April 26, 2007. See email to Donald P. Russo, Esquire attached hereto as Exhibit "A". Significantly, Plaintiff specifically and voluntarily copied Lorrie Henderson, the CEO of

---

[1] Upon the Granting of this Motion, this Honorable Court may disqualify Attorney Russo from representing Plaintiff at the trial of this matter because Attorney Russo will be a material witness. See Pennsylvania Rule of Professional Conduct 3.7. The Restatement (Third) of the Law Governing Lawyers § 108 also addresses this situation. Consistent with these rules, the Court of Appeals for the Third Circuit recently observed that "it is often impermissible for an attorney to be both an advocate and a witness." United States v. Merlino, 349 F.3d 144, 152 (3d Cir.2003). Additionally, "disqualification may also be appropriate where it is based solely on a lawyer's personal knowledge of events likely to be presented at trial, even if the lawyer is unlikely to be called as a witness." Id. (emphasis added); see also, United States v. Locascio, 6 F.3d 924, 933 (2d Cir.1993). Nevertheless, Rule 3.7 may only bar the lawyer-witness's participation at trial. See George v. Wausau Insurance Co., 2000 WL 276915 at *2 (E.D.Pa. Mar.13, 2000).

KidsPeace on her communication with Attorney Russo. In this correspondence, Plaintiff openly discusses facts and circumstances relevant to her claims under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") as well as her legal action regarding her allegations of unpaid overtime. From the last sentence of the letter which states:

> I was told that . . . severance was no longer given; I asked for the date re [sic] the latter so I could check with others I know who were paid severance to see if the dates matched.

it is reasonable to conclude that by this letter, Plaintiff was attempting to influence Mr. Henderson into granting her a severance package if she were to cease pursuing legal recourse. Clearly, under the applicable legal standards, this communication constitutes a waiver of the attorney/client privilege by Plaintiff in this matter. As such, Defendant should be permitted to question Plaintiff with regard to her communications with Attorney Russo, call Attorney Russo as a witness at trial and question him regarding all of Plaintiff's causes of action in this case.

## II. ARGUMENT.

In Westinghouse Elec. Corp. v. Republic of Philippines, 951 F .2d 1414 (3d Cir.1991), the Third Circuit noted that the attorney-client privilege is designed to " 'protect[ ] only those disclosures-necessary to obtain informed legal advice-which might not have been made absent the privilege.' " Id., at 1423-24 (quoting Fisher v. United States, 425 U.S. 391, 403 (1976)). Therefore, the "voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege." Id., at 1424.

"Consequently, it is well-settled that when a client voluntarily discloses privileged communications to a third party, the privilege is waived." Id., at 1424.

Moreover, "there is substantial case law supporting the position that as a matter of law, any voluntary waiver of the confidential communications waives the privilege as to <u>all confidential communications regarding the same subject matter</u>." <u>Murray v. Gemplus International, S.A.</u>, 217 F.R.D. 362, 366 (E.D.Pa. 2003)(emphasis supplied); quoting <u>Minatronics Corp. v. Buchanan Ingersoll, P.C.</u>, 23 Pa. D. & C. 4th 1 (Pa. Ct. Com. Pl. 1995); citing <u>Bowne of New York City, Inc. v. AmBase Corp.</u>, 150 F.R.D. 465, 484-86 (S.D.N.Y.1993)); <u>see also</u> <u>Edwards v. Whitaker</u>, 868 F.Supp. 226, 229 (M.D. Tenn. 1994)("With regard to the issue of the extent of [the] waiver, it is well-established that 'voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.' " (quoting <u>Weil v. Inv./Indicators, Research & Mmgt.</u>, 647 F.2d 18, 24 (9th Cir.1981))); John T. Hundley, Waiver of Evidentiary Privilege by Inadvertent Disclosure-State Law, 51 A.L.R.5th 603, § 9, 1998 WL 2606 (1997) (collecting cases finding subject-matter waiver).

Numerous courts have held that when one party intentionally discloses privileged material with the aim, in whole or in part, of furthering that party's case, the party waives its attorney-client privilege with respect to the subject-matter of the disclosed communications. See <u>In re Leslie Fay Cos., Inc. Sec. Litig.</u>, 161 F.R.D. 274, 282 (S.D.N.Y.1995) ("Based principally on notions of fairness, courts have imposed such a 'subject matter waiver' most often when the privilege-

holder has attempted to use the privilege as both 'a sword' and 'a shield' or when the party attacking the privilege will be prejudiced at trial."); Edwards, 868 F.Supp. at 229; Hundley, supra, § 9, and cases cited therein. As many courts have noted, the attorney-client privilege is a shield used to protect communications, not a sword wielded to gain an advantage in litigation. Leslie Fay, 161 F.R.D. at 282; Valenti v. Allstate Ins. Co., 243 F.Supp.2d 200, 220 (M.D.Pa.2003) ("Counsel is reminded that privilege is a shield not a sword."). Where one party attempts to utilize the privilege as an offensive weapon, selectively disclosing communications in order to help its case, that party should be deemed to have waived the protection otherwise afforded it by the privilege it misused.

In this case, it is clear that Plaintiff disclosed confidential communications with her attorney to the KidsPeace CEO, Lorrie Henderson. It is also clear that the disclosed communication contains information regarding most of the elements of her causes of action against KidsPeace. Therefore, Plaintiff has waived the attorney/client privilege in this case and Defendant should be allowed to question Attorney Russo at trial and question Plaintiff regarding her communications with Attorney Russo.

Wherefore, Defendant respectfully requests that this Honorable Court grant its' Motion in Limine and enter an Order in the form attached.


Respectfully Submitted,

By: _____
Sean M. Hart
I.D. No. 82084
Westfield Corporate Center
Suite 310
4905 Tilghman Street
Allentown, PA 18104
(610) 821-7000

Attorneys for Defendant,
KidsPeace

Date: April 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | |
| | : | |
| | : | CIVIL ACTION NO. 2:07-cv- 4091 |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | JURY TRIAL DEMANDED |
| | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

I, Sean M. Hart, Esquire, attorney for Defendant, KidsPeace, certify that on this 14th day of April, 2008, service of a true and complete copy of the above and foregoing Defendant's Motion in Limine and Memorandum of Law in Support of same was made upon each party or attorney of record herein via electronic filing (and is available for viewing and downloading from the ECF system) and U.S. first class mail upon the individual set forth below:

> Donald P. Russo, Esquire
> 117 East Broad Street
> P.O. Box 1890
> Bethlehem, PA 18016-1890

FLAMM, BOROFF & BACINE, P.C.

By: _____
    Sean M. Hart

# A.

-----Original Message-----
**From:** Terry deGroot [mailto:le8ran@yahoo.com]
**Sent:** Wednesday, April 25, 2007 1:36 PM
**To:** russolaw@verizon.net; Henderson, Lorrie
**Subject:** FYI: Terry de Groot



EXHIBIT
KidsPeace
41

Mr Russo:

I am copying this email to the KidsPeace CEO, L Henderson.

I emailed KidsPeace HR staff about 1PM on 4/23/07 and copied you on it. The purpose of that email was to state that I would be returning to work on 4/26/07. Yesterday [4/24/07] afternoon, at about 3:30, I had a call from J Ulicny, who works in HR and who has been the latest person from that department to contact me re STB and return to work. She stated that after reporting to the White Lion [location for HR] with my return-to-work form, I was to go the the KidsPeace Hospital and to begin work as an Admissions Specialist [note, this would be as an Admissions Specialist I, which is the entry level title for that department]. She did not discuss hours or salary. I was, frankly, stunned as this was in its own way even more humiliating than the original demotion of a Residential Admissions Specialist II that was offered 10/27/06. I told her given the legal circumstances, that was an inappropriate choice and thought that Jim Miller, HR director, should be weighing in on it. She had no response; I left two messages for Jim. The first was with regard to the inappropriateness of the position/location and the second was to state that perhaps I did not have sufficient information from J Ulicny and possibly KidsPeace was actually offering me that position with Mon-Fri 9-5 hours and the my salary I earned at supervisor of hospital admissions.

Jim called me this morning and stated that the hours would be at night and on weekends and at a "reduced" rate. I told him that I would not accept the demotion due to loss of income, loss of status; his response was that I would then be treated as having resigned as I was refusing to work. He stated when asked that I would not be paid for tomorrow, that I would be coming to KidsPeace with my return-to-work form and turning in my badge, etc. on my own time. He stated that I would not be paid for any vacation/personal days for 2007 as I had not worked during 2007. He stated that I was "at the eleventh hour as far as looking for other positions within KidsPeace goes" and that I could do so only while working from the demoted position. He stated that I should have been looking for open positions during the past several months. When I pointed out that I had had no communication from HR re that, he had no reply.

When I pointed out that this position - in addition to loss of income/status - would also include reporting to the young woman who was hired for my position, he agreed, adding that the reason I was removed from my position was that I had told KidsPeace that I could no longer do my job as supervisor. I stated that was not true, was absolutely erroneous; that on 10/27/06 R Snyder had informed me that based on my physician's 10/26/06 request for reasonable accommodation [two months - actually one month after subtracting my available vacation/personal/upcoming holidays] of 40-hour work weeks, leaving by 6 PM, but continuing my on-call responsibilities, that I could not be physically available 24/7 [and that all of his supervisors had to be physically available 24/7] and I could no longer have my position. He stated as he had not been present at that 10/27/06 meeting he had no idea what was said; he would not speak to the fact of my physician's letter and just persisted in stating that I had told KidsPeace I could no longer do my job as supervisor. I did state that I was continuing with my EEOC complaint and that you were filing suit with regard to the overtime hours for which I had not been paid. I did point out to him that I would have not proceeded without document and that with regard to the latter, I had documentation going back to early 2002.

12/4/2007

I had asked for a copy of my personnel file and the decision tree for severance. I was told that under PA law I could not have a copy and that severance was no longer given; I asked for the the date re the latter so that I could check with others I know who were paid severance to see if the dates matched. He was not able to offer a date.

Terry deGroot

---

Ahhh...imagining that irresistible "new car" smell?
Check out new cars at Yahoo! Autos.

12/4/2007