## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEGROOT, | : | CIVIL ACTION NO. 2:07-cv-4091 |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

### DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

**And now,** comes Defendant, KidsPeace, by and through its attorneys, Flamm, Boroff & Bacine, P.C., and hereby files the within Answer to Plaintiff's Second Amended Complaint with affirmative defenses. In support thereof, Answering Defendant states as follows:

1.  Admitted, upon information and belief.

2.  Admitted.

3.  Admitted.

4.  Admitted to the extent that the Second Amended Complaint is referring to a time period after 1994.

5.  Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Plaintiff was qualified for continued employment in the position of supervisor with Answering Defendant.

6.  Denied as stated.

7.     Denied.  The averments of this paragraph are specifically denied and strict proof is demanded at the time of trial.

8.     Denied as stated.  It is specifically denied that Plaintiff directly submitted any note to Mr. Snyder as Plaintiff testified that she sent it via inter-office mail.  For further answer, the note referenced in this paragraph of the Second Amended Complaint is a writing that speaks for itself and any purported characterization of same is specifically denied.

9.     Denied as stated.  It is specifically denied that Plaintiff's next appointment with her physician occurred on October 26, 2006.  Discovery has shown that Plaintiff's next visit with her physician occurred the very next day on October 19, 2006.  However Plaintiff failed to inform Ms. Biechy and Ms. Pomponio of this.

10.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, the note referenced in this paragraph of the Second Amended Complaint is a writing that speaks for itself and any purported characterization of same is specifically denied.

11.     Denied.  The averments of this paragraph are denied because they are untrue.

12.     Denied as stated.  For further answer, the job description referenced in this paragraph of the Second Amended Complaint is a writing that speaks for itself and any purported characterization of same is specifically denied.

2

13.     Admitted in part/denied in part.  It is admitted only that Plaintiff was told to take the weekend to consider her options.  It is specifically denied that one of the options was to continue as supervisor if she agreed to work on some second shifts.

14.     Denied.  The averments of this paragraph are denied because they are untrue.

15.     Denied.  The averments of this paragraph are denied because they are untrue.

16.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is specifically denied that Plaintiff's doctor's letter constituted a request for an accommodation under the ADA, that Plaintiff was a qualified individual with a disability under the ADA, or that Defendant regarded Plaintiff as disabled under the ADA.

17.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To that extent a response is required, the averments of this paragraph are denied because they are untrue.

18.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To that extent a response is required, the averments of this paragraph are denied because they are untrue.  Specifically, Plaintiff testified that she never informed her employer of the nature of her purported disability.  Plaintiff also admitted that she did not know if other persons who may have been granted accommodations actually fulfilled their duty to inform the employer of the nature of their disability.

3

19.    Denied.  The averments of this paragraph are denied because they are untrue.

20.    Denied.  The averments of this paragraph are denied because they are untrue.

21.    Admitted in part/denied it part.  It is admitted only that after the expiration of her FMLA leave, a younger person was hired into Plaintiff's position. It is specifically denied that Plaintiff was removed from her position on October 27, 2006.

22.    Admitted.

23.    Admitted, upon information and belief.

24.    It is admitted only that Plaintiff attached a document she referenced as Exhibit "A" to her Second Amended Complaint.

25.    Admitted, upon information and belief.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, 29 U.S.C. § 621, et seq. -- DISPARATE TREATMENT PLAINTIFF v. KIDSPEACE

26.    Answering Defendant incorporates by reference paragraphs 1 through 25, above, as if the same were set forth fully at length herein.

27.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at the time of trial.

28.    Denied. The averments of this paragraph constitute conclusions of law requiring no response.

4

29.    Admitted.

30.    Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is denied that Answering Defendant violated the ADEA in any manner whatsoever.

31.    Denied as stated.

32.    Denied.  The averments of this paragraph are denied because they are untrue.

33.    Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

34.    Denied.  It is specifically denied that Answering Defendant engaged in any discriminatory actions whatsoever or that Plaintiff has been harmed by any actions of Answering Defendant.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable attorneys' fees, interest and costs.

## COUNT II

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et seq. PLAINTIFF v. KIDSPEACE

35.    Answering Defendant incorporates by reference paragraphs 1 through 34, above, as if the same were set forth fully at length herein.

36.    Denied as stated. Answering Defendant is an organization with approximately 2400 employees.  Plaintiff has testified that she restricted

information regarding her health conditions to at least 2 employees of Answering Defendant, one of whom was her direct supervisor.

37.     Denied.   Discovery has shown that at a doctor's visit on October 19, 2006, Plaintiff exhibited "[N]o unusual anxiety or evidence of depression."

38.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, the averments of this paragraph are denied because they are untrue.

39.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, the averments of this paragraph are denied because they are untrue.

40.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

41.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

42.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, the averments of this paragraph are denied because they are untrue.  Discovery has shown that Plaintiff did not have a good faith basis for this allegation and should face sanctions under Fed. R. Civ. P. 11.

43.     Admitted in part/denied in part.  It is admitted only that Plaintiff provided two pieces of written correspondence from her doctor.  The documents referenced in this paragraph of the Second Amended Complaint are writings that speaks for themselves and any purported characterization of same is specifically

denied. It is specifically denied that either letter provided any information regarding Plaintiff's purported medical condition.

44.     Denied. Plaintiff was out on FMLA leave from October 30, 2006 until January 2007. Thereafter, Plaintiff was on personal leave until April 25, 2007 receiving short-term disability benefits through KidsPeace.

45.     Denied.

46.     Denied as stated.

47.     Denied. Plaintiff's job description is a document which speaks for itself and any purported characterization of same is specifically denied. For further answer, Plaintiff's job description specifically states that one of her responsibilities was to provide supervision to all 24/7 staff.

48.     Denied. It is specifically denied that Plaintiff was informed that she would be losing her job or that her salary was $75,00.00 per year. It is also specifically denied that Plaintiff was told that she would have to take a job paying $29,000.00 per year. This statement of Plaintiff's Second Amended Complaint is in clear violation of Rule 11. Plaintiff testified under oath both at her unemployment compensation hearing and at her deposition that the specific salary of any alternate position was never discussed with her.

49.     Admitted in part/denied in part. It is admitted only that Plaintiff stated her erroneous version of events in her EEOC charge. The remaining averments of this paragraph are denied.

50.     Denied. The averments of this paragraph constitute conclusions of law requiring no response.

51.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is specifically denied that Plaintiff was discriminated against in any manner.

52.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  As stated above, Plaintiff has come forward with no evidence to support this allegation.

53.     It is admitted only that counsel for Plaintiff sent a letter to the EEOC requesting a right to sue many months after he initiated this lawsuit on his client's behalf.

54.     It is admitted only that the EEOC issued a right to sue letter after Plaintiff had initiated this action.

55.     Denied.  It is specifically denied that Answering Defendant engaged in any illegal conduct and that Plaintiff suffered any harm as a result thereof.

56.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, Answering Defendant denies that it engaged in any malicious, wanton and willful conduct in this case.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable attorneys' fees, interest and costs.

## COUNT III

### VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 206, <u>et seq.</u>

8

57.     Answering Defendant incorporates by reference paragraphs 1 through 56, above, as if the same were set forth fully at length herein.

58.     Admitted in part/denied in part.  Answering Defendant admits that Plaintiff was classified as a non-exempt employee.  However, Answering Defendant denies that Plaintiff could not have been subject to the statutory exemptions of the FLSA.

59.     Denied.  As stated by Plaintiff in paragraph 3 of her Second Amended Complaint, Plaintiff was not hired in 1993.

60.     Denied.  The averments of this paragraph are denied because they are untrue.

61.     Denied.  The averments of this paragraph are denied because they are untrue.

62.     Denied.  The averments of this paragraph are denied because thye are untrue.

63.     Denied.  The averments of this paragraph are denied because they are untrue.

64.     Denied as stated.

65.     Denied.  The averments of this paragraph are denied because they are untrue.

66.     Admitted in part/denied in part.  It is admitted only that Mr. Snyder gave Plaintiff the option of being classified as a non-exempt employee.  The remaining averments of this paragraph are denied because they are untrue.

67.    Denied.  The averments of this paragraph are denied because they are untrue.

68.    Denied.  The averments of this paragraph are denied because they are untrue.  For further answer in 2005 and 2006 Plaintiff submitted and was paid for 144 and 162 overtime hours, respectively.

69.    Denied.  Discovery has shown that Plaintiff had no reasonable basis for this belief as she testified at her deposition that she was never threatened by anyone regarding her submission of overtime.

70.    Denied.  It is specifically denied that Plaintiff was ever terminated, much less for doing so because she submitted a request for accommodation.

71.    Denied.   The documents referenced in this paragraph of the Second Amended Complaint are writings that speak for themselves and any purported characterization of same is specifically denied.

72.    Denied.  The averments of this paragraph are denied because they are untrue.

73.    Denied.  The averments of this paragraph are denied because they are untrue.

74.    Denied.  The averments of this paragraph are denied because they are untrue.

75.    Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is specifically denied that any sums are due and owing to Plaintiff or that any sums have been withheld from Plaintiff.

76.   Admitted, upon information and belief.

77.   Admitted, upon information and belief.

78.   Denied.  It is specifically denied that the U.S. Department of Labor found in Plaintiff's favor.  This statement is but another example of the cavalier attitude that Plaintiff and her counsel have regarding their Rule 11 obligations.

79.   Denied.  It is specifically denied that Defendant ever refused to pay Plaintiff for overtime.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable attorneys' fees, interest and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint and each count thereof fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by the doctrine of waiver, estoppel and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may be barred from pursuing the allegations in the Second Amended Complaint because she has failed in whole or in part to satisfy the conditions precedent to jurisdiction with this Honorable Court.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may be barred from pursuing the allegations in the Second Amended Complaint because she failed in whole or in part to satisfy the conditions subsequent to establishing jurisdiction with this Honorable Court.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie case of violation of the ADEA and/or the ADA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust her administrative remedies with respect to any claim that her employment was terminated and/or that she was otherwise subjected to discrimination because of her purported disability under the ADA.

## SEVENTH AFFIRMATIVE DEFENSE

This Honorable Court is without jurisdiction as to matters occurring outside the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant acted at all times for lawful, legitimate non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege and/or prove that Answering Defendant's legitimate reasons for its actions regarding Plaintiff's employment were discriminatory and/or pretextual.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to inform Answering Defendant that she was performing work "off the clock".

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant had no knowledge that Plaintiff was not recording all of her hours worked.

## TWELTH AFFIRMATIVE DEFENSE

Answering Defendant's actions were privileged and with justification.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's actions may be barred by the doctrine of unclean hands because of her own misconduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any purported damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

During her on-call time, barring a call, Plaintiff was free to use the time for her personal pursuits.

**WHEREFORE,** Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff together with all reasonable costs, attorneys' fees and interest.

Respectfully submitted,

FLAMM, BOROFF & BACINE, P.C.

By_____
Sean M. Hart, Esquire
I.D. No. 82084

Attorney for Defendant,
KidsPeace

Date:  April 21, 2008

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY DEGROOT,** | : | **CIVIL ACTION NO. 2:07-cv-4091** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KIDSPEACE,** | : | |
| | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

    I, Sean M. Hart, Esquire, attorney for Defendant, KidsPeace, certify that on this 21st day of April, 2008, service of a true and complete copy of the above and foregoing Defendant's Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses, was made upon each party or attorney of record herein via first class mail properly addressed as follows:

        Donald P. Russo, Esquire
        117 East Broad Street
        P.O. Box 1890
        Bethlehem, PA  18016-1890

        Counsel for Plaintiff

        FLAMM, BOROFF & BACINE, P.C.

        By_____
           Sean M. Hart, Esquire